Filed 1/27/22  P. v. Martinez CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308793 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA071089) |
| v. | |
| ARMANDO MARTINEZ, JR., | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Armando Martinez Jr. (defendant), who was convicted of attempted murder and other crimes in 2009, appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  In an unpublished opinion issued on August 12, 2021, we affirmed that denial on the sole ground that section 1170.95 did not accord relief to persons convicted of attempted murder. (*People v. Martinez* (Aug. 12, 2021, B308793) (*Martinez II*).)  Defendant filed a petition for review by the California Supreme Court, which was held along with numerous other similar cases. While this case was pending, our Legislature enacted and the Governor signed into law Senate Bill No. 775 (Senate Bill 775). (Stats. 2021, ch. 551.)  Senate Bill 775 amended Section 1170.95 to expand eligibility for resentencing to persons convicted of attempted murder.  On October 20, 2021, the California Supreme Court granted review in this case, and, in an order filed December 29, 2021, transferred the case back to this court with directions to vacate our prior decision and reconsider in light of Senate Bill 775.  In light of the enactment of Senate Bill 775, we vacate our previous opinion and decision in this case (*Martinez II*) and remand the matter to the trial court for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

**FACTS AND PROCEDURAL BACKGROUND**

I.    **Facts**[2]

    A.    *The underlying crime*

In 2007, defendant and Natividad Delossantos (Delossantos) got into a fistfight outside of a convenience store with someone they believed to be a member of a rival street gang. While defendant continued the fistfight, Delossantos retrieved a gun from his car. Upon returning to the fray, Delossantos put the gun to the rival's temple and pulled the trigger two or three times. The gun only clicked. The perceived rival ducked back into the store, while Delossantos managed to fire off two or three shots. All missed. Defendant and Delossantos fled the scene together, shouting the name of their gang.

    B.    *Prosecution, conviction, and appeal*

In the operative complaint, the People charged defendant with one count of attempted premeditated murder (§§ 664/187, subd. (a)), and three counts of assault with a semiautomatic firearm (§ 245, subd. (b)) as to the perceived rival and other customers in the store. As to all counts, the People alleged that the offenses were committed in association with a criminal street gang (§ 186.22, subd. (b)(1)(B)), and that a principal personally used and discharged a firearm (§ 12022.53, subds. (b) & (e)(1)).

A jury convicted defendant on all counts and found all enhancements to be true.

---

2      We draw these facts from our prior opinion affirming defendant's conviction. (*People v. Martinez* (Nov. 23, 2010, B216964) [nonpub. opn.] (*Martinez I*).)

For the attempted murder, the trial court sentenced appellant to a total of 35 years to life in prison comprised of a life sentence plus 15 years for the gang enhancement plus 20 years for the firearm enhancement. The court stayed the assault count with respect to the intended victim of the attempted murder, but imposed concurrent six-year prison terms for the assaults on the remaining two customers.

We affirmed defendant's convictions and sentence. (*Martinez I*, *supra*, B216964.)

## II.    Procedural Background

In 2020, defendant filed a motion for resentencing under section 1170.95. The trial court summarily denied the petition, noting that Senate Bill No. 1437 (Senate Bill 1437) did not afford relief to persons convicted of *attempted* murder.

Defendant timely appealed. At that time, the Court of Appeal was split on whether section 1170.95 applied to attempted murder convictions. We affirmed the order denying the petition because we interpreted then-existing section 1170.95 to authorize relief for defendants convicted of murder, but not attempted murder. (*People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445 (*Love*).) Defendant petitioned the Supreme Court for review. The Supreme Court granted review, transferred the matter back to this court, and directed us to vacate our prior decision and reconsider in light of Senate Bill 775. (Stats. 2021, ch. 551.) Following the transfer, the Attorney General and defendant submitted supplemental briefs addressing the impact of Senate Bill 775 on this case.

4

## DISCUSSION

In his supplemental brief, the Attorney General concedes that reversal and remand for a new hearing is appropriate. We agree.

Senate Bill 1437 enacted section 1170.95, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Prior to the enactment of Senate Bill 775, the Court of Appeal was split on whether Senate Bill 1437 applied to attempted murder as well as murder, with some courts holding that Senate Bill 1437 did not apply to attempted murder at all, others holding that it applied only prospectively to attempted murder, and still others holding that it applied both prospectively and retroactively to nonfinal attempted murder convictions. (See, *Love*, *supra*, 55 Cal.App.5th at pp. 278-279 [summarizing the split of authority as of Oct. 1, 2020].)

Senate Bill 775 resolved this split of authority by amending Senate Bill 1437 to explicitly afford relief to persons convicted of attempted murder and manslaughter. Senate Bill 775's amendments to section 1170.95 became effective January 1, 2022. Defendant's appeal from the denial of his resentencing petition was not final by that date; thus, defendant may avail himself of this latest amendment. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed, and the matter remanded for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill 775.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT


We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ